## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| In re: LARRY EDWARD WOOD; JESSICA ANN WOOD, | ) ) ) | |
| Debtors | ) ) | |
| LARRY EDWARD WOOD; JESSICA ANN WOOD, | ) ) ) ) | |
| Plaintiffs-Appellees | ) ) | |
| v. | ) ) | No. 20-1161 |
| UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, | ) ) ) | |
| Defendant-Appellant | ) ) | |

### APPELLANT'S MOTION FOR SUMMARY DISPOSITION

The United States Department of Housing and Urban

Development ("HUD"), appellant herein, by its counsel, respectfully

moves this Court to summarily vacate and remand the order of the

district court in this appeal and to remand for further proceedings

consistent with the opinion in *Copley v. United States*, 959 F.3d 118 (4th

Cir. May 12, 2020).  As explained *infra*, this case is controlled by *Copley*.

- 2 -

In *Copley*, the Court vacated the district court judgment and remanded to the district court for further proceedings consistent with the opinion. 959 F.3d at 126.  The same course of action is called for here.

William R. Wooton, Esquire, counsel for the appellees, has advised that intends to file a response to this motion.[1]

## STATEMENT

### 1.    The underlying facts

The pertinent facts are undisputed.  In September 2008 Larry Wood purchased a modular/mobile home using a loan insured by HUD. (Bankr. Op. at 1.)[2]  He defaulted on the loan in July 2014.  (Bankr. Op. at 2.)  In November 2015, HUD paid the outstanding balance of the loan, $23,066.66.  (Bankr. Op. at 2.)  Two days later, HUD made a demand for payment to Wood in the same amount.  (Bankr. Op. at 2.) In December 2015, HUD sent to Wood a Notice of Intent to Collect by Treasury Offset, informing him that the U.S. Treasury could offset tax overpayments against his outstanding debt to HUD.  (Bankr. Op. at 2.)

---

[1]  An unopposed motion to suspend the briefing schedule is filed concurrently with this motion.

[2]  The opinions of the bankruptcy court and the district court in this case, together with the judgment of the bankruptcy court, are included as attachments to this motion.

- 3 -

In February 2017, the IRS offset the HUD debt with a tax overpayment of $9,961.[3]  (Bankr. Op. at 2.)  The remaining balance of Wood's debt to HUD was reduced to $15,486.47 plus interest.  (Bankr. Op. at 2.)

On Wednesday, March 21, 2018, Wood and his wife Jessica ("the debtors") filed a Chapter 7 bankruptcy petition.  (Bankr. Op. at 2.)  They listed their anticipated 2017 federal tax refund on their Schedule A/B and exempted portions of it on Schedule C.  (Bankr. Op at 6.)  On Monday, March 26, they filed their 2017 tax return, reporting an overpayment of $6,086.  (Bankr. Op. at 2.)  On Wednesday, April 4, the Treasury offset the outstanding HUD debt with the debtors' reported 2018 tax overpayment.  (Bankr. Op. at 2.)

## 2.    The legal dispute

On May 17, 2018, debtors initiated this adversary proceeding, asserting that the overpayment was exempt property under 11 U.S.C. § 522 and seeking to compel HUD to pay them the $6,086.  (Bankr. Op. at 2.)  The bankruptcy court granted their request for turnover of the

---

[3] Although the record does not reflect the source of this $9,961, this offset may reflect an overpayment reported on Wood's 2016 tax return.

- 4 -

$6,086, holding that the tax overpayment was property of the estate (Bankr. Op. at 6-7) and that the "exemption the Woods elected in their tax overpayment trumps any right of HUD to offset against the Woods' debt" (Bankr. Op. at 6).

The government appealed to the district court, which affirmed. The district court agreed with the bankruptcy court that the tax overpayment was property of the estate. *HUD v. Wood*, 611 B.R. 782, 789 (S.D.W.Va. 2019). The court also agreed that the debtors' claim to exempt their 2017 income tax overpayment under 11 U.S.C. § 522 overrides the government's rights under 26 U.S.C. § 6402(d) and 11 U.S.C. § 553(a) to offset the overpayment against Wood's unpaid debt owed to HUD. *Id.* at 789-790.

On this latter point the district court relied on the opinion of the district court in *United States v. Copley*, 591 B.R. 263 (E.D. Va. 2018), *vacated*, 959 F.3d 118 (4th Cir. 2020), which held that a debtor's claim to exempt an income tax overpayment under 11 U.S.C. § 522 overrides the IRS's rights under 26 U.S.C. § 6402(a) and 11 U.S.C. § 553(a) to offset the overpayment against the debtor's unpaid income tax liabilities. *Wood*, 611 B.R. at 789. HUD brought this appeal.

18837109.2

- 5 -

### 3.    The decision in *Copley*

While this appeal was pending, this Court reversed the district court decision in *Copley*. *Copley v. United States*, 959 F.3d 118 (4th Cir. 2020). This Court held in *Copley* that a debtor's claim for a tax overpayment becomes part of the bankruptcy estate even if the debtors' prepetition debts to the government more than offset the overpayment.[4] *Id.* at 122. But the government was entitled to retain the overpayment anyway, *Copley* concluded, because, given "the plain language of 11 U.S.C. § 553(a) . . . the government's right to offset the Copleys' tax overpayment under 26 U.S.C. § 6402(a) cannot be subordinated or otherwise affected by the Copleys' attempts to claim the overpayment as exempt property." *Id.* at 120.

The Court in *Copley* vacated the district court decision ordering the government to remit the claimed tax refund to the Copleys and remanded for further proceedings consistent with the opinion. 959 F.3d

---

[4] As the Court observed in *Copley*, this analysis "diverges from" that adopted by the Ninth Circuit in *Gould v. United States*, 603 F.3d 1100 (9th Cir. 2010), but the cases come to the same "ultimate conclusion," *viz.*, "that the government's right of offset withstands a taxpayer's attempt to exempt an overpayment." *Copley*, 959 F.3d at 123 n. 5. The government did not seek further review of this matter in *Copley* and does not contest it here.

- 6 -

at 120.  Because the facts and analysis of *Copley* are not distinguishable from those of this case, the district court order here on appeal should be vacated and remanded for the same reasons.

## DISCUSSION

This Court permits motions for summary disposition where "the issues raised on appeal are in fact manifestly unsubstantial and appropriate for disposition by motion."  Local Rule 27(f)(1).  This case, like *Copley*, turns on the "'apparent conflict . . . between [11 U.S.C.] § 553, which unqualifiedly preserves the right of offset, and [11 U.S.C.] § 522(c), which provides that property claimed exempt is not liable for prepetition debts.'"  *Wood*, 611 B.R. at 789 (quoting *Copley*, 591 B.R. at 281).  The district court acknowledged that this apparent conflict "may soon be resolved" by the *Copley* case, which was then pending in this Court.  *Wood*, 611 B.R. at 789 n.4.  And indeed, as the district court had anticipated, this Court resolved the issue in that case, holding that "the government's right to offset the [debtor's] overpayment prevails" over the debtor's "right to exempt the overpayment under 11 U.S.C. § 522."  *Copley*, 959 F.3d at 123.  Accordingly, it is appropriate to vacate the

- 7 -

judgment of the district court and remand the case for further proceedings consistent with this Court's decision in *Copley*.

The resolution of the apparent conflict between statutory provisions adopted in *Copley* is equally applicable here. As the Court observed in *Copley*, "[o]n the surface, a potential conflict appears to exist between 11 U.S.C. § 522(c), which protects property claimed as exempt in bankruptcy from being used to satisfy 'any' prepetition debts, and 26 U.S.C. § 6402(a), which allows the IRS to offset 'any overpayment' against a taxpayer's preexisting tax liabilities." 959 F.3d at 123-124. The Court concluded, however, "that the plain language of 11 U.S.C. § 553(a) resolves this apparent conflict," because "[b]y its plain and unambiguous terms, Section 553 provides that no provision of Title 11 'affect[s]' a creditor's right to offset a mutual, prepetition debt with a bankruptcy debtor." *Id.* at 124. Thus, the Court concluded, "[t]he very broad scope of Section 553(a) necessarily includes the property exemption provisions contained in 11 U.S.C. § 522(c)." *Id.* A "contrary construction, permitting Section 522(c) to subordinate the government's offset rights, would violate that statutory directive." *Id.*

- 8 -

As the Court noted in *Copley*, "Section 553(a) creates no right of offset on its own." *Id.* The source of the government's offset right in this case is slightly different than the source of that right in *Copley*, because in *Copley* the prepetition debt owed to the government was a prepetition tax debt owed to the IRS, and the government's setoff right is codified in 26 U.S.C. § 6402(a), whereas in this case it is a prepetition debt owed to HUD, and the government's setoff right is codified in 26 U.S.C. § 6402(d).

The same analysis applies to both setoff rights, however, because paragraphs (a) and (d) of 26 U.S.C. § 6402 do not evince any relevant distinction between the treatment of a debtor's prepetition federal tax debt and a debtor's prepetition debt to HUD (or any other agency). The statute provides in pertinent part as follows:

> **(a) General rule.**—In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), (e), and (f), refund any balance to such person.
>
> \*      \*      \*
>
> **(d) Collection of debts owed to Federal agencies.**—

18837109.2

- 9 -

**(1) In general.**—Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt (other than past-due support subject to the provisions of subsection (c)) to such agency, the Secretary shall—

**(A)** reduce the amount of any overpayment payable to such person by the amount of such debt;

**(B)** pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and

**(C)** notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.

The key "any overpayment" language relied upon by this Court in *Copley*, 959 F.3d at 124, appears in paragraph (d) as well as paragraph (a). Since paragraph (a)'s "reference to 'any overpayment' does not provide any exception for overpayments made by a taxpayer who later declares bankruptcy," *Copley*, 959 F.3d at 124, the same is true of the same phrase in paragraph (d).[5]

Other arguments relied upon by the district court in this case have already been rejected by this Court in *Copley*. The "very broad

---

[5] State common law is, of course, equally inapplicable to both paragraphs. *See Copley*, 959 F.3d at 124 n.7.

scope of Section 553(a) necessarily includes the property exemption provisions contained in 11 U.S.C. § 522(c)." *Copley*, 959 F.3d at 124; *compare Wood*, 611 B.R. at 790 (relying on the canon that "the more specific statute should prevail over the more general"). The "purposes of the bankruptcy code do not require a debtor's right of exemption to supersede a creditor's right of offset." *Copley*, 959 F.3d at 125; *compare Wood*, 611 B.R. at 790 (relying on "the overarching goals of federal bankruptcy law"). Prioritizing a debtor's right to exempt property is not "necessary to avoid rendering Section 522(c) a nullity." *Copley*, 959 F.3d at 125; *compare Wood*, 611 B.R. at 790. Nor do bankruptcy courts have the discretion to disallow the government's statutory setoff rights, *see Wood*, 611 B.R. at 789-790, to the contrary, "a court's discretion to disallow a setoff is generally confined to those circumstances when the validity of the right of setoff can be questioned under other law outside the bankruptcy code"; this discretion "does not permit bankruptcy courts to disregard the plain language of 26 U.S.C. § 6402(a) and 11 U.S.C. § 553(a)." *Copley*, 959 F.3d at 125-126.[6]

---

[6] To the extent the District Court improperly applied an abuse of discretion standard to an issue of statutory interpretation (611 B.R. at

- 11 -

As the district court observed, the exception to the automatic stay for the setoff of a prepetition tax debt against a tax overpayment, 11 U.S.C. § 362(b)(26), does not extend to the setoff of debts owed to other government agencies. *Wood*, 611 B.R. at 790-791. The court rejected the government's alternative argument that it should be permitted to seek a retroactive modification of the automatic stay, finding that "retroactive annulment of the automatic stay is not equitable in this case." *Id.* at 791. Because that finding is predicated on the district court's erroneous conclusion that a debtor may, by exempting property in bankruptcy, defeat the government's statutory setoff right, it must fall along with that conclusion. On remand the government should be permitted to seek retroactive modification of the stay.

In sum, the issue presented in this appeal — whether the government's offset right under 26 U.S.C. § 6402 prevails over a debtor's claimed exemption under 11 U.S.C. § 522 — is the same as the issue presented in *Copley*. Because that issue was resolved by this Court in *Copley*, which is binding precedent in this case, the issue

_____

789), the matter also was addressed by this Court in *Copley*, 959 F.3d at 121 & n.2.

18837109.2

- 12 -

remaining for decision here is manifestly unsubstantial and appropriate for disposition by motion, as contemplated by Local Rule 27(f)(1).

## CONCLUSION

For the foregoing reasons, the appellant respectfully moves the Court to summarily vacate the judgment of the district court and to remand for further proceedings consistent with the opinion in *Copley v. United States*, 959 F.3d 118 (4th Cir. 2020).

Respectfully submitted,

/s/ Bethany B. Hauser

BRUCE R. ELLISEN          (202) 514-2929
BETHANY B. HAUSER         (202) 514-2830
  *Attorney*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  *Counsel for the Appellant*

*Of Counsel:*

MICHAEL B. STUART
  *United States Attorney*

JUNE 2020

18837109.2

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| In re: LARRY EDWARD WOOD; JESSICA ANN WOOD, <br><br> Debtors <br> _____ <br><br> LARRY EDWARD WOOD; JESSICA ANN WOOD, <br><br> Plaintiffs-Appellees <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, <br><br> Defendant-Appellant <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     No. 20-1161 |

## DECLARATION

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746,

that the statements in the foregoing motion are true and correct.

Executed this 26th day of June, 2020 in Washington, D.C.

/s/ Bethany B. Hauser
BETHANY B. HAUSER
Attorney
Tax Division, Appellate Section
Department of Justice
Post Office Box 502
Washington, D.C. 20044

18837109.2

- 2 -

### Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

Case No.  ___20-1161_____

1. This document complies with the word limits of Fed. R. App. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

[x]    this document contains _2,231_ words, or

[ ]    this brief contains ____ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[ ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[x]    this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook font, or

[ ]    this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook, or
d
[ ]    this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

/s/ BETHANY B. HAUSER
Attorney for the Appellant
June 26, 2020

18837109.2